16-3046-cv
Jusino v. N.Y.C. Dep't of Educ.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> REENA RAGGI,
> *Circuit Judges.*

_____

ANN M. JUSINO, RAMON K. JUSINO,
individually and on behalf of
Plaintiffs' son, W.J.,

> *Plaintiffs-Appellants,*

> v.                                    16-3046

NEW YORK CITY DEPARTMENT OF EDUCATION,
AKA New York City Board of Education,
AKA District 31/CSE 17,

> *Defendant-Appellee.*

_____

1

**FOR PLAINTIFFS-APPELLANTS:** Ann M. Jusino, Ramon K. Jusino, pro se, Staten Island, NY.

**FOR DEFENDANT-APPELLEE:** Deborah A. Brenner, Daniel Matza-Brown, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Ann and Ramon Jusino, pro se, sue the New York City Department of Education ("DOE") under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* They claim that the DOE failed to offer their son, W.J., a free appropriate public education ("FAPE") by proposing to place him in a single-story school building, which allegedly would not permit W.J. to meet a physical therapy benchmark in his individualized education plan ("IEP"): progress on his ability to climb and descend a flight of stairs. At the impartial hearing, a DOE witness testified that the school could implement the benchmark using a three-step model of stairs and an external set of stairs on an adjacent building. The district court granted summary judgment in favor of the DOE, reasoning that the impartial hearing officer ("IHO") could rely on the DOE's witness and that the placement was appropriate. The Jusinos appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The IDEA aims to "ensure that all children with disabilities have available to them a free appropriate public education . . . designed to meet their unique needs . . . [and] to ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d)(1)(A)-(B). If a school district fails to offer a FAPE, parents may unilaterally enroll their child in private

2

school and seek tuition reimbursement. *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 247 (2009); *Hardison v. Bd. of Educ. of the Oneonta City Sch. Dist.*, 773 F.3d 372, 376 (2d Cir. 2014). Reimbursement is granted only when "(1) the proposed IEP failed to provide the student with an appropriate public education; (2) the parent's private placement was appropriate to the child's needs; and (3) equitable considerations support the parent's claim." *Hardison*, 773 F.3d at 376 (internal quotation marks omitted). The first prong also encompasses challenges to a proposed school placement. *See generally M.O. v. N.Y.C. Dep't of Educ.*, 793 F.3d 236 (2d Cir. 2015) (applying reimbursement standard to proposed placement challenges). "This framework is known as the *Burlington/Carter* test." *Id.* at 243 (internal quotation marks omitted).

"We review *de novo* the district court's grant of summary judgment in an IDEA case. Summary judgment in this context involves more than looking into disputed issues of fact; rather, it is a 'pragmatic procedural mechanism' for reviewing administrative decisions." *Id.* (quoting *A.C. ex rel M.C. v. Bd. of Educ.*, 553 F.3d 165, 171 (2d Cir. 2009)). The district court "must give due weight to the administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *Id.* (quoting *A.C.*, 553 F.3d at 171).

## I.    Deference and Burden

The district court correctly deferred to the IHO's decision. "Courts generally defer to the final decision of the state authorities, even where the reviewing authority disagrees with the hearing officer," but the state authorities' "factual findings must be reasoned and supported by the record to warrant deference." *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 241 (2d Cir. 2012) (internal quotation marks omitted). "Additionally, the courts should defer to the IHO's analysis when considering an issue not reached by the [state review officer ('SRO')]." *C.F. ex rel R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014). When a state administrative decision is given deference, the party challenging the decision

3

bears "the burden of demonstrating that the respective Review Officers erred." *M.H.*, 685 F.3d at 225 n.3.

The district court deferred to the IHO on the stair-climbing benchmark, reasoning that the SRO did not reach whether the proposed placement was appropriate. The Jusinos challenge that deference on the ground that the IHO did not fully address their argument that implementing W.J.'s stair-climbing benchmark required an internal flight of stairs. The IHO did not specifically address stair-climbing, but concluded that the Jusinos' "expressed concern about the specific building and classroom, . . . even when combined with their impressionistic response based on a building tour, hardly constitute a legitimate basis for declining placement in an offered otherwise-appropriate program." App'x at 15. Although the IHO's decision did not specifically address the benchmark, it considered the DOE's evidence and the Jusinos' arguments regarding the adequacy of the proposed placement. Accordingly, the IHO's decision was entitled to deference, and the Jusinos bore the burden of demonstrating that the decision was erroneous. *See M.H.*, 685 F.3d at 258 ("The IHO's determination was based on his assessment of the credibility of the witnesses testifying before him, and his own understanding of educational methodology. It was entitled to deference on that basis." (internal citation omitted)). In any event, even if no deference was due, we would conclude that the placement was adequate for the reasons stated below.

## II. Retrospective Testimony

The Jusinos primarily argue that Maria Dinneny, an administrator at the proposed placement, P.S. 373R, offered impermissible retrospective testimony. In an IDEA case, a parent cannot prevail by speculating that a proposed placement "with the capacity to implement a given student's IEP will simply fail to adhere to that plan's mandates." *M.O.*, 793 F.3d at 244. But "it is not speculative to find that an IEP cannot be implemented at a proposed school that lacks the services required by the IEP." *Id.* If a parent mounts a non-speculative challenge, one that focuses on the proposed placement's "lack of IEP-mandated services," the school district must show the adequacy of the placement. *Id.* at 245.

4

That evidence cannot be retrospective "testimony that certain services not listed in the IEP would actually have been provided to the child if he or she had attended the school district's proposed placement." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 185 (2d Cir. 2012). "While testimony that materially alters the written plan is not permitted, testimony may be received that explains or justifies the services listed in the IEP." *Id.* at 186; *see id.* at 186-87 ("[I]f an IEP states that a specific teaching method will be used to instruct a student, . . . [t]he district . . . may not introduce testimony that a different teaching method, not mentioned in the IEP, would have been used.").

Dinneny's testimony did not run afoul of this rule. W.J.'s IEP set a benchmark to "climb and descend 1 flight of stairs, step over step, without railing and while maintaining his head in neutral posture 80% of the time." App'x at 2. It did not prescribe any particular methodology for reaching that benchmark, such as the use of an internal staircase. Dinneny testified that P.S. 373R could implement the benchmark with a stair model or external stairs. The testimony did not concern the provision of "additional services beyond those listed in the IEP." *R.E.*, 694 F.3d at 186. Therefore, Dinneny's testimony was not impermissibly retrospective.

### III. Adequacy of the Proposed Placement

The district court correctly concluded that P.S. 373R was an adequate placement. The Jusinos argue that P.S. 373R could not implement the stair-climbing benchmark because it had no internal flight of stairs. They cite *B.R. v. N.Y.C. Dep't of Educ.*, in which the IEP required one-on-one physical therapy services while the school offered only classroom-based group therapy. 910 F. Supp. 2d 670, 677 (S.D.N.Y. 2012). A school administrator testified that the student would have received one-on-one services, without explaining how or whether other students received one-on-one services. *See id.* at 677-78. The district court rejected the testimony as conclusory. *See id.* at 678-79.

By contrast, Dinneny testified that P.S. 373R could implement W.J.'s stair-climbing benchmark by using a stair

5

model or an external set of stairs.  That was not conclusory. Accordingly, even if the IHO's decision did not merit deference, the DOE met its burden of demonstrating that the proposed placement would adequately implement the IEP goals.

**IV.  Adequacy of the IEP**

The Jusinos argue in their reply brief that, by describing the IEP as setting "measurable annual goals," the DOE opened the door to arguments about the inadequacy of the IEP itself. Appellants' Reply Br. at 1.  However, that phrase did not raise a substantive argument that the IEP was adequate, and therefore did not open the door to a challenge to the IEP itself.

We have considered the Jusinos' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6